## 20224

Joanne T. REITH, Individually and in behalf of all others similarly situated, Appellant, v. SOUTH CAROLINA STATE HOUSING AUTHORITY, et al., Respondents.

(225 S. E. (2d) 847)

*Messrs. Frank K. Sloan* and *Robert C. Elliott,* of Columbia, *for Appellant,*

*Daniel R. McLeod, Atty. Gen.,* and *Karen LeCraft Henderson, Asst. Atty. Gen.,* of Columbia, and *M. Wm. Young-*

*blood, Jr.,* of *Sinkler Gibbs, Simons & Guerard,* Charleston, *for Respondents,*

May 28, 1976.

NESS, Justice:

This appeal is from a judgment of the lower court upholding the constitutionality of Act No. 288, Acts and Joint Resolutions of 1975, which enlarged and further defined the powers of the South Carolina State Housing Authority.

The act authorizes the Housing Authority to issue notes and bonds to finance private housing. It sets forth a variety of programs designed to supply safe and sanitary housing for persons of moderate to low income.

The act is prefaced by a number of legislative fact findings. The General Assembly found that private enterprise has not been able to produce housing at prices affordable by persons of moderate to low income and that these persons have not been able to secure safe and sanitary housing. They further found these citizens are residing in substandard housing under living conditions which pose health and other problems inimical to the welfare and prosperity of the State.

The legislature authorized the Housing Authority to issue notes and bonds to generate mortgage money, and use the money in programs designed to privately finance dwellings owned by persons of moderate to low income. The purpose is to prevent the reoccurrence of slum conditions and blight and to eliminate the prevalence of substandard housing conditions throughout the State.

The act empowered the Housing Authority to pass necessary and proper regulations to implement the various programs, however, the regulations were not self-executing. They would not become effective unless approved by a concurrent resolution of the General Assembly at its session following promulgation of the regulation. The lower court sustained every aspect of the act, except for the retention of legislative control over the execution of the act by operation of the concurrent resolution provision. It held this provision was severable from the remainder of the act. No appeal has been taken from its ruling that the concurrent resolution requirement was unconstitutional and it becomes the law of the case.

Appellant urges that Section 15 is not severable from the remainder of the Act and, therefore, that the entire Act must be declared invalid. Section 14 A provided, "all rules

and regulations promulgated by the authority shall be null and void unless approved by a Concurrent Resolution of the General Assembly at the Session of the General Assembly following their promulgation."

Various rules have been announced over the years which govern judicial analysis of the severability of a provision of a statute. In *Lee v. Clark,* 224 S. C. 138, 77 S. E. (2d) 485 (1953) the Court stated, "the rule is that where a part of a statute is unconstitutional, if such part is so connected with the other parts as that they mutually depend upon each other as conditions and considerations for each other, so as to warrant the belief that the Legislature intended them as a whole, and if they cannot be carried into effect, the legislature would not have passed the residue independently of that which is void, the whole act is void." At pages 149-150, 77 S. E. (2d) at page 490. Thus, the fundamental question becomes: can the intention of the Legislature be fulfilled without Section 15?

In the instant case realization of the objectives of the act was entirely dependent upon future legislative approval of rules and regulations issued by the Housing Authority. The Legislature prohibited implementation of the act, in any form, without its future approval. The Housing Authority was merely an empty administrative vessel, authorized to propose a detailed program of administration. It could not embark upon its mission and convert the statute into reality without future legislative endorsement.

The various arguments urged upon us by the appellant concerning the scope of delegation convince us that the Legislature realized that many of the standards enunciated in the statute were vague and would permit broad discretion to the Housing Authority. The Legislature demanded a second look at the exercise of the discretion before the act could be executed. If the legislative intent was merely to scrutinize the administration of the act, they could have,

among other safeguards, imposed exhaustive reporting requirements upon the Housing Authority. This alternative was not chosen.

When the act was passed in 1974, it did not contain a section similar to 15.* The amendment was attached on the floor of the House of Representatives where the bill originated, and was retained throughout legislative passage. In all other respects the acts are almost identical, except for the changes made to remove the previously announced constitutional infirmities and establishing criteria for defining "moderate to low income families or persons." We are convinced this significant amendment evinced a clear and unmistakable legislative intention that the bold objectives of the act were not to be reached without future legislative consent respecting the proposed administration of the act. For these reasons, validation of the remainder of the act would disturb the legislative intent. Accordingly, we hold that Section 15 is not severable from the remainder of the act.

The appellant has attached the constitutionality of most of the substantive features of the act. Although they have been ardently advanced in an adversary context, in view of the well established principle that the "court will not pass upon the constitutionality of legislative action unless such is necessary to a decision," *Hampton v. Dobson*, 240 S. C. 532, 544, 126 S. E. (2d) 564, 570 (1962) we refrain from discussing the other issues. Also see *Thornton v. Wannamaker*, 248 S. C. 421, 150 S. E. (2d) 607 (1966).

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.

---

* A former version of the act was declared to be unconstitutional due to a guaranty provision for payment of bonds. *Casey v. South Carolina State Housing Authority*, 264 S. C. 303, 215 S. E. (2d) 184 (1975).