20336

L. Giles DANIEL, Sheriff of Greenwood County, Respondent, v. Helen CRUZ, Appellant.

(231 S. E. (2d) 293)

*C. Rauch Wise, Esq.,* of Greenwood, *for Appellant,*

*G. P. Callison, Esq.,* of *Callison & Dorn,* Greenwood, *for Respondent,*

January 4, 1977.

RHODES, Justice:

The respondent L. Giles Daniel, Sheriff of Greenwood County, brought this declaratory judgment action to determine whether the appellant was acting in violation of S. C. Code § 56-1281 (1962). The appellant by her Answer and Counterclaim admitted that she was engaged in the practice of palmistry and fortune-telling in Greenwood County, but denied that she was in violation of the statute. For a

second defense, she alleged that she was not an itinerant fortune-teller but, rather, a citizen and resident of Greenwood County. By way of Counterclaim, the appellant attacked the constitutionality of the statute as a violation of due process and equal protection of the laws under applicable provisions of the State and Federal constitutions.[1]

The circuit judge heard the matter upon a Stipulation of Facts. The judge issued his Order, dated April 5, 1976, holding that the appellant was in violation of Section 56-1281. The Order stated that Sheriff Daniel could apply for such supplementary and specific orders of injunction as he deemed appropriate, pursuant to the court's declaration of the law. An appeal from this Order followed. W e reverse the Order and hold that Section 56-1281 is unconstitutional in that it denies the appellant equal protection of the laws.

The statute in its entirety is as follows: "§ 56-1281. *Licenses required for itinerant fortune-tellers.*—It shall be unlawful for any person to follow the business of fortune-telling in any of the counties of this State, by traveling from place to place, without first obtaining from the clerk of the court of the county in which he wishes to follow his trade, a license permitting him to so do. Such license shall be issued by the clerks of court of the counties of this State to any person applying for it upon payment by the applicant of the sum of one hundred dollars. The license shall specify the name of the applicant and his former residence and shall be for a period of one year from the issuance thereof. *But this section shall not be effective in any county until the county board of commissioners of such county authorize, by resolution, the collection of such tax.* Any person violating the provisions of this section shall be guilty of a misdemeanor and, upon conviction, shall be punished by a fine of not more than one hundred dollars or imprisonment for not more than thirty days for each and every offense." [Emphasis added.]

---

[1] The appellant abandons her due process attack on appeal.

14

Included in the Stipulation were the following facts: (1) the Greenwood County Council, in regular meeting on July 1, 1975, adopted a resolution stating that the Council does not desire that a license be granted to any itinerant fortune-teller pursuant to Section 56-1281, and that provisions for granting such a license are not adopted by the Council; and (2) Abbeville and Saluda Counties have issued licenses for fortunetelling without judicial contest.

The appellant argues that the General Assembly, in enacting Section 56-1281, has passed a law, which, by its application, makes illegal fortune-telling in Greenwood County, whereas the General Assembly has effectively made the same conduct legal in neighboring Abbeville and Saluda Counties.

The General Assembly cannot pass legislation which operates unequally upon a class of citizens. The placing of fortune-tellers in a class is not of itself a denial of equal protection. However, the law, as applied to the appellant, treats her in a different manner from others in the same class. It prohibits her from practicing fortune-telling in Greenwood County by imposing criminal sanctions upon her conduct. It is unavailing to argue that all fortune-tellers in Greenwood County are treated equally, for the class is constituted of fortune-tellers in South Carolina, not fortune-tellers in each of the separate counties of this State. Such a classification is repugnant to the guarantee of equal protection of the laws, because there is no rational basis upon which to establish such a classification: "If there is no real difference between localities, persons, occupations, or property, the State cannot make one." 16 Am. Jur. (2d), Constitutional Law § 500 (1964).

The portion of Section 56-1281 providing that "This section shall not be effective in any county until the county board of commissioners . . . authorize, by resolution, the collection of [the license] tax" operates in such a manner that a fortune-tellers may practice his trade in one county but not in another, depending upon the predilection of the gov-

erning body of the county. This type of provision is violative of equal protection under the Fourteenth Amendment to the United States Constitution and Article I, § 3 of the South Carolina Constitution (1975 Cum. Supp.). See *Thompson v. South Carolina Commission on Alcohol and Drug Abuse,* S. C., 229 S. E. (2d) 718 filed October 26, 1976.

We must next consider the question of whether any portion of Section 56-1281 is severable from the unconstitutional provision mentioned immediately above. The test has been stated as follows:

"Where a part of a statute is unconstitutional, if such part is so connected with the other parts as that they mutually depend upon each other as conditions and considerations for each other, so as to warrant the belief that the Legislature intended them as a whole, and if they cannot be carried into effect, the Legislature would not have passed the residue independently of that which is void, then the whole act is void." *Reith v. South Carolina State Housing Authority et al.,* S. C., 225 S. E. (2d) 847 (1976); *Lee v. Clark,* 224 S. C. 138, 77 S. E. (2d) 485 (1953).

The language of Section 56-1281 makes it clear that the Legislature intended that the act should be effective only in those counties where the local governing body approves of fortunetelling. The essence of the statute is to grant to each county the option of deciding whether it shall be subject to the act. If we declared severable the remainder of the statute, the obvious legislative intent would be defeated. We hold that no portion of Section 56-1281 is severable under the test set forth above. The statute, therefore, is unconstitutional in its entirety.

This disposition makes unnecessary consideration of the appellant's additional exceptions.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.