## 21112

In re AIKEN COUNTY BOARD OF EDUCATION (Ex Officio, Trustees of Consolidated School District of Aiken County), Appellant, v. William KNOTTS, Gilbert A. McMillan, Tom Turnipseed, Nikki Setzler, Irene K. Rudnick, Cecil Collins, Marion McGowan, Judson Busbee, and William A. Reel, Jr., in their capacity as members of the Senate and/or House of Representatives of the State of Souh Carolina, and constituting the Legislative Delegation for Aiken County, South Carolina, Respondents.

(262 S. E. (2d) 14)

146

*William H. Burkhalter, Jr.,* North Augusta, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. C. Tolbert Goolsby, Jr., Asst. Atty. Gen. Treva G. Ashworth* and *Staff Atty. James M. Holly,* Columbia, *for respondents.*

January 9, 1980.

RHODES, Justice:

This action was commenced by the Aiken County Board of Education (Board) against the Aiken County Legislative Delegation (Legislative Delegation) seeking declaratory relief from alleged unconstitutional portions of Section 21-1038.6, South Carolina Code (1962)[1] asserted to be violative of the separation of powers provision (Article I, Section 8) of the South Carolina Constitution. We reverse the order of the lower court denying such relief.

Pursuant to Section 21-1038.6, as amended, the Board is granted executive, financial, and administrative control of the public schools within its district, including the duties of preparing an annual budget and recommending the property

---

[1] Statutory provisions which are purely local in character have not been included in the Code of Laws of South Carolina of 1976. This action was originally brought seeking relief from Act 1238 of the Acts and Joint Resolutions of 1974, which was itself an amendment to section 21-1038.6. During the course of litigation the Act was further amended by Act Number 268 of the Acts and Joint Resolutions of 1977 in particulars not pertinent to the issues on this appeal. The 1977 Act is comprehensive and was referred to by both parties in their presentations to this court. The final determination of this court, however, relates to section 21-1038.6, South Carolina Code (1962), as amended, and not just to the 1977 amendment.

tax levy necessary to meet budgetary requirements. The right of the Board to authorize the assessment of millage to meet its budget is qualified by the following provisions of the statute:

If the county property tax levy recommended by the board is not in excess of that for the current fiscal year and is otherwise within the limits authorized by law, the county auditor shall levy and the treasurer shall collect the county property taxes in an amount sufficient to meet this budget. *Provided,* however, if a majority of the members of the board conclude that the tax millage for operating school purposes in the district should be increased, they shall, on or before the first day of July, submit a request for such increase to the members of the Aiken County Legislative Delegation and if a majority of the members approve such increase the auditor shall levy and the treasurer shall collect the additional millage to provide for such increase. If a majority of the members of the legislative delegation refuse to approve the proposed increase, the chairman of the board of education, with the approval of a majority of the members of the board, may call for a referendum in the next general election.

In June 1977, under authority of the above provisions, the members of the Legislative Delegation disapproved a proposed five mill increase in the tax levy submitted by the Board. The county auditor thereupon refused to levy the tax increase, despite direction to do so by the Board. This declaratory judgment action ensued, questioning the constitutionality under the separation of powers doctrine of those provisions of the statute giving approval authority of millage increases to the Legislative Delegation.

The lower court issued an interim order with respect to matters not related to this appeal, holding in abeyance a decision on the constitutional question, but granting the Board leave to pursue the question in the future if events made it necessary. When the Legislative Delegation later refused in June 1978 to approve a Board-requested twenty-

six mill increase in the tax levy by approving an increase of only five mills, the issue was reopened in the original action, which was still pending in the lower court. After a hearing was held, the lower court ruled that the statute was constitutional in all respects. This appeal followed.

By vesting the Legislative Delegation with approval power over any proposed increase in tax levies for school purposes and superimposing such power onto the school system's budgetary process, the Board contends that the Legislature attempted to cloak the Legislative Delegation with executive functions, thereby violating the separation of powers doctrine provided in Article I, Section 8 of the state constitution. Article I, Section 8 provides that "[i]n the government of this State, the legislative, executive, and judicial powers of the government shall be forever separate and distinct from each other, and no person or persons exercising the functions of one of said departments shall assume or discharge the duties of any other."

An act similar to that in issue was declared unconstitutional in the case of *Gunter v. Blanton,* 259 S. C. 436, 192 S. E. (2d) 473 (1972). The Legislative Delegation attempts to distinguish *Gunter* by asserting that while the approval power in that instance was the equivalent of an absolute veto in the sense that the determination of the Cherokee County Legislative Delegation was final, the disputed statute in the case at bar provides for further recourse through a referendum. We perceive such participation on the part of the Legislative Delegation in the administrative functions of the Board in the determination of the tax levy necessary for the school district budget to be executive in nature, without regard to whether such action is absolute or contingent.

The real question involved in the present case is not whether the Legislative Delegation's participation amounts to an absolute or qualified veto. Rather, the question is simply whether such participation is violative of the separa-

tion of powers provision of the constitution. While the Legislative Delegation has almost totally predicated its position on this asserted distinction, we are unable to discern any distinction between the instant case and *Gunter* that would justify different conclusions.

The statute being examined in *Gunter* authorized the School Board to adopt its budget, including the determination of the amount of levy needed to meet that budget, and to give this information to the auditor. Thereafter the auditor was to levy and the treasurer was to collect such tax. By amendment, a proviso to that statute added that "no such tax levy shall be increased in any year without the approval of the majority of the resident members of the Cherokee County Legislative Delegation." In holding the Act unconstitutional because it attempted to vest executive functions in members of the Cherokee County Legislative Delegation, the court noted:

To authorize [the Legislative Delegation] to participate as corporate authorities of the school district, as the Act attempts to do, clearly assigns to them a dual role in violation of the separation of powers clause of the Constitution. *Gunter v. Blanton,* 259 S. C. 436 at 441, 192 S. E. (2d) 473 at 475.

In answer to the contention that the Legislative Delegation was merely exercising a legislative function in approving or disapproving the tax increase, the court in *Gunter* further observed:

The Act does not and can not authorize the members of the delegation to participate in this determination as legislators, for they may exercise legislative power only as members of the General Assembly.

*Id.* As a general rule, the Legislature may not, consistently with the constitutional requirement here involved, undertake to both pass laws and execute them by setting its own members to the task of discharging such functions by virtue of

their office as legislators. *Spartanburg County v. Miller*, 135 S. C. 348, 132 S. E. 673 (1924). The Legislature may properly engage in the discharge of such functions to the extent only that their performance is reasonably incidental to the full and effective exercise of its legislative powers. *Id.* As the functions of the Legislative Delegation in this instance are not incidental to or comprehended within the scope of legislative duties, the separation of powers doctrine as provided by Article I, Section 8 has clearly been violated.

The provision for the referendum is contingent upon that part of the statute authorizing the exercise of disapproval by the Legislative Delegation, which we have determined to be unconstitutional. It follows, therefore, that our action in striking down participation by the Legislative Delegation in setting a millage increase would render the referendum provision of the statute meaningless. Clearly, it must fall with the offending portion of the statute.

The remaining portions of the statute, which concern the general powers of the Board, its preparation of a proposed budget, the conducting of a public hearing on such budget, and the levy of taxes if not in excess of taxes for the current fiscal year, is separate and distinct from the remaining unconstitutional portions of the statute. The principle that a statute may be constitutional and valid in part and unconstitutional and invalid in part is generally recognized. The case of *Townsend v. Richland County*, 190 S. C. 270 at 280-81, 2 S. E. (2d) 777 at 781 (1939) sets forth the criteria for applying this principle:

The rule is that where a part of a statute is unconstitutional, if such part is so connected with the other parts as that they mutually depend upon each other as conditions and considerations for each other, so as to warrant the belief that the Legislature intended them as a whole, and if they cannot be carried into effect, the legislature would not have passed the residue independently of that which is void, the whole act is void. On the other hand, where a part of the

statute is unconstitutional, and that which remains is complete in itself, capable of being executed, wholly independent of that which is rejected, and is of such a character as that it may fairly be presumed that the Legislature would have passed it independent of that which is in conflict with the Constitution, then the courts will reject that which is void and enforce the remainder. (Citations omitted.)

We find that the required criteria set forth above have been satisfied with reference to these portions of the statute, and we declare such portions to be valid and to remain in full force and effect.

It is to be noted that both the language of the statute and its recent legislative history demonstrate a legislative intent that the Board not have the power to increase its tax levy without the concurrence of some reviewing authority. Our holding is not to be interpreted as vesting the Board with the power to increase tax levies, since those portions of the statute which we have held to be constitutional do not grant the Board such authority. It is clear that the Legislature in delegating its power to tax, as it has done in this instance to a qualified extent, may impose by law a maximum millage ceiling. *Gunter v. Blanton, supra.*

Based on the foregoing, that portion of Section 21-1038.6, South Carolina Code (1962), as amended, commencing with the italicized word "Provided" appearing in the third paragraph of Act Number 268 of the Acts and Joint Resolutions of 1977 and continuing to the end of the Act, is declared to be unconstitutional. This portion embraces the provisions for the Legislative Delegation's approval of proposed tax increases, the authority of the Board to invoke the referendum procedure in the event of disapproval, and instructions as to how and by whom the referendum shall be conducted. All preceding portions of the Act are held to be valid and of continued force and effect.

The disposition which we have made of the constitutional issue renders consideration of the Board's additional exceptions unnecessary.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.