21662

The STATE, Appellant, v. Donnie McCLURE, Respondent.

289 S. E. (2d) 158

*Joseph H. Lumpkin, Jr.,* Columbia, *for appellant.*

*John P. Bowler,* Columbia, *for respondent.*

March 4, 1982.

LITTLEJOHN, Justice:

The issue herein is whether the trial judge properly dismissed an indictment against defendant Donnie McClure by finding that McClure had been denied his right to a preliminary hearing.

In 1979, McClure began serving a thirty-year sentence at the South Carolina Department of Corrections. On March 27, 1980, while incarcerated at the Kirkland Correctional Institution in Richland County, he was served with an arrest warrant charging him with attempting to escape.[1] He was indicted by the grand jury in July, 1980.

On March 9, 1981 (approximately one year after arrest), McClure was appointed an attorney. Three days later, on March 12, his attorney requested a preliminary hearing. The request was denied as not having been timely made.

When McClure's case for attempted escape was called for trial on April 27, 1981, his attorney filed two motions: (1) motion to quash the indictment for denial of both a speedy trial and of access to an attorney, and (2) motion to be granted a preliminary hearing. The Solicitor agreed to provide an "evidentiary hearing," but denied any right to a preliminary hearing once an indictment was returned by the grand jury.

The trial judge denied the first motion (speedy trial and access to an attorney) because of failure to show any preju-

---

[1] All matters discussed herein relate to the March 27, 1980 arrest for attempted prison escape as distinguished from the prior unspecified offense for which McClure had already been convicted and incarcerated.

dice. However, he then dismissed the indictment on the grounds that McClure had been denied a preliminary hearing; additionally, he directed that McClure be granted a preliminary hearing to determine whether there had been probable cause for his March 27 arrest to support resubmission of the case to the grand jury for a new indictment.

In a preliminary hearing, the State must show that there was "probable cause" to arrest the defendant for the commission of some crime. Absent this showing, the charge must be dismissed.

The defendant's right to request a preliminary hearing is provided solely by state statute. It is not required by either the State or Federal Constitution and is not necessary before a grand jury can indict a person for a crime. *State v. Irby*, 166 S. C. 430, 164 S. E. 912 (1932). South Carolina statutory law specifically provides that an accused may be brought to trial under indictment by a grand jury without a preliminary hearing in some cases. *State v. Nesmith*, 213 S. C. 60, 48 S. E. (2d) 595 (1948). The indictment itself constitutes a finding of probable cause and thus avoids the need for a preliminary hearing. *U. S. v. Werbrouck*, 589 F. 273 (7th Cir. 1978), cert. den. 440 U. S. 962, 99 S. Ct. 1507, 59 L. Ed. 2d 776.

Once the accused properly requests a preliminary hearing the magistrate's court retains jurisdiction and the Court of General Sessions is deprived of jurisdiction until such hearing is held. *State v. Porcher*, 273 S. C. 507, 257 S. E. 2d 505 (1979). No indictment may be true billed by the grand jury when the circuit court lacks jurisdiction since the grand jury's jurisdiction is co-extensive with the criminal jurisdiction of the court in which it is impaneled and for which it is to make inquiry. *State v. Funderburk*, 259 S. C. 256, 191 S. E. (2d) 520 (1972); *State v. Wheeler*, 259 S. C. 571, 193 S. E. (2d) 515 (1972). But, where the request for preliminary hearing was not properly made in the first place, then the circuit court, and grand jury, is not deprived of jurisdiction even though a preliminary hearing is granted after indictment. *State v. Fortner*, 266 S. C. 223, 222 S. E. (2d) 508 (1976).

Under § 22-5-320, Code of Laws of South Carolina (1976, as amended 1978), the applicable statute herein,[2] an accused who desires a preliminary hearing must make a written demand for such at least ten days before the convening of the next Court of General Sessions. Failure to comply with these conditions waives the right to the preliminary hearing. Waiver may occur in several ways:

(1) failure to request a hearing;

(2) failure to comply with statutory requirements for the request;

(3) failure to appear, at least through an attorney, at the scheduled hearing; and

(4) plea negotiations and silence before the trial court regarding the desire for a preliminary hearing when entering a guilty plea.

*O'Neil v. State,* S. C., 285 S. E. (2d) 352 (1981); *Bonnette v. State,* S. C., 282 S. E. (2d) 597 (1981).

McClure concedes that a preliminary hearing was not timely requested. He thereby waived his right to such a hearing. Therefore, jurisdiction had vested in the Court of General Sessions when the grand jury true billed the indictment against him. Inasmuch as a preliminary hearing is not required prior to an indictment, and because the indictment itself establishes probable cause for the arrest, the trial judge erred in dismissing the indictment against McClure.

Accordingly, the case is reversed and remanded for further proceedings.

Reversed and remanded.

Lewis, C. J., and Ness, Gregory and Harwell, JJ., concur.

---

[2] This statute was further amended to reflect a change in the time period within which an accused may request a preliminary hearing and to make certain stylistic and grammatical changes, effective April 30, 1980.

Attenton is also called to new § 17-23-160, entitled "Notice of right to preliminary hearing; form for request," effective April 30, 1980.

Since McClure had already waived his right to a preliminary hearing prior to April 30, 1980, neither the amendment nor the new statute apply to this case.