21796

The STATE, Respondent, v. David KEENAN, Appellant.
(296 S. E. (2d) 676)

*Appellate Defender John L. Sweeny* and *Asst. Appellate Defender William Isaac Diggs,* both of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Lindy P. Funkhouser* and *Preston F. McDaniel,* Columbia, *for respondent.*

Oct. 7, 1982.

*Per Curiam:*

This appeal arises from appellant's conviction for armed robbery at the March, 1981 term of the Court of General Sessions for Cherokee County. He was sentenced to twenty-five years imprisonment.

Appellant has asserted that the combined effect of S. C. Code Ann. § 22-5-320 (Supp. 1981), and the recently enacted statute, S. C. Code Ann. § 17-23-160 (Supp. 1981), was to deprive the Court of General Sessions of jurisdiction to try him. See *State v. Funderburk,* 259 S. C. 256, 191 S. E. (2d) 520 (1972).

Section 22-5-320 provides:

Any magistrate who issues a warrant charging a crime beyond his jurisdiction shall grant and hold a preliminary hearing of it upon the demand in writing of the defendant made within twenty days of the hearing to set bond for such charge; provided, however, that if such twenty-day period expires on a date prior to the convening of the next term of General Sessions Court having jurisdiction then the defendant may wait to make such request until a date at least ten days before the next term of General Sessions Court convenes. At the preliminary hearing, the defendant may cross-examine the state's witnesses in person or by counsel, have the reply in argument if there be counsel for the State, and be heard

in argument in person or by counsel as to whether a probable case has been made out and as to whether the case ought to be dismissed by the magistrate and the defendant discharged without delay. *When such a hearing has been so demanded the case shall not be transmitted to the court of general sessions or submitted to the grand jury until the preliminary hearing shall have been had, the magistrate to retain jurisdiction and the court of general sessions not to acquire jurisdiction until after such preliminary hearing.* Provided, however, that the defendant shall not be required to appear in person at the appointed time, date and place set for the hearing if he is represented by his attorney. (Emphasis added.).

Section 17-23-160 provides:

When any person charged with a crime who is entitled to a preliminary hearing on such charges appears in person or by counsel in a hearing to set bond, he shall be notified by a magistrate orally and in writing of his right to such preliminary hearing. When a person is notified of his right to a preliminary hearing, he shall be furnished a simple form providing him an opportunity to request a preliminary hearing by signing and returning this form to the advising magistrate then and there or thereafter. Any person so notified who fails to timely request a preliminary hearing shall lose his right to such hearing.

Appellant argues that receipt of notice of the right to a preliminary hearing in the manner prescribed by § 17-23-160 is a condition precedent to the court of general sessions obtaining jurisdiction over the matter under § 22-5-320. This is so, appellant contends, even though he never requested a preliminary hearing, because the purported effect of § 17-23-160 is to require notice of the right to a preliminary hearing before it can be knowingly waived. We agree with appellant that §§ 22-5-320 and 17-23-160 require this result. However, we hold the jurisdictional language of § 22-5-320, emphasized above, offends the State Constitution, and therefore hold that the Court of General Sessions had jurisdiction to try the matter. Accordingly, the conviction is affirmed.

The question of the constitutionality of § 22-5-320 has not been raised by the parties. While it is fundamental that the Court will not ordinarily inquire into the constitutionality of a statute on its own motion, a recognized exception to this rule is that such a matter may be considered *sua sponte* where the statute encroaches upon the jurisdiction of the Court. See, e.g., *State v. Huber*, 129 W. Va. 198, 40 S. E. (2d) 11 (1946); *State v. Gatlin*, 241 La. 321, 129 So. (2d) 4 (1961); 16 Am. Jur. (2d), Constitutional Law, § 174, p. 564 (1979); 16 CJS, Constitutional Law, § 96, p. 331, n. 21 (1956). This exception springs from the principle that every court has the power and duty to decide all issues necessary to the determination of its own jurisdiction. *Bridges v. Wyandotte Worsted Company*, 243 S. C. 1, 132 S. E. (2d) 18 (1963).

Our decisional process is also guided by the familiar maxim that constitutional issues will not be passed upon unless necessary to a decision. *Thorne v. Seabrook*, 264 S. C. 503, 216 S. E. (2d) 177 (1975). In the cases decided under the present Constitution where a jurisdictional defect had been asserted because of alleged noncompliance with § 22-5-320, the jurisdictional effect of that statute was inapposite since all the defendants either waived their rights to a preliminary hearing or were otherwise not entitled to a hearing. In those cases, it was unnecessary to reach the constitutional issue. If § 17-23-160 were not now in force, this case would be decided on the ground of waiver. *Cf. State v. McClure*, S. C., 289 S. E. (2d) 158, n. 2 (1982). But because §§ 17-23-160 and 22-5-320 operate together to restrict the mode of waiving the right to a preliminary hearing, it now becomes necessary to determine whether the restraint of § 22-5-320 on the jurisdiction of the courts of general sessions is an excessive exercise of constitutionally circumscribed legislative power.

Section 22-5-320 was in harmony with the Constitution of 1895. *State v. Flintroy*, 178 S. C. 89, 182 S. E. 311 (1935). But Article V of the present Constitution, ratified in 1973, *differs drastically* from Article V of the 1895 Constitution. The most significant change for the purposes here is the clause in Section 21 of Article V of the 1895 Constitution, which provided that "[i]n criminal matters beyond their jurisdiction to try, [the magistrates] shall sit as Examining Courts, and commit, discharge, or ... recognize,

persons charged with such offenses, subject to such regulations as the General Assembly may provide." The present Constitution contains no such mandate that magistrates conduct preliminary hearings. That authority is now derived solely from statute. There no longer exists a State (nor has there ever existed a Federal) constitutional right to a preliminary hearing. *McClure.* We also note that an act, even though previously valid, is effectively repealed by the subsequent adoption of conflicting constitutional provisions. *Dill v. Durham,* 56 S. C. 423, 35 S. E. 3 (1900).

The provisions of the Constitution bearing upon the question are Sections 7 and 23 of Article V, the pertinent parts of which are: "Section 7: The Circuit Court shall be a general trial court with original jurisdiction in civil and criminal cases, except those cases in which the exclusive jurisdiction shall be given to inferior courts. . ." "Section 23: The General Assembly shall provide for [the magistrate's] . . . . criminal jurisdiction."

By these provisions, the Constitution specifically allows the Legislature to grant "exclusive jurisdiction" to the magistrates' courts over whatever "criminal cases" it chooses to designate.[1] However, where the Legislature fails to grant the magistrates' courts "exclusive jurisdiction" over designated "cases," Article V, Section 7 requires by clear implication that the Court of General Sessions retain its original concurrent jurisdiction over the matter. If the Court of General Sessions does not retain this jurisdiction, the act infringes on the constitutionally granted power of the circuit court, which the Legislature cannot take away. Thus, if § 22-5-320 acts to deprive the Court of General Sessions of its original concurrent jurisdiction over "criminal cases" without also granting "exclusive jurisdiction" of the same "cases" to the magistrates' courts, it is repugnant to Article V, Section 7.

The appointment of the magistrates' court as the singular tribunal authorized to conduct a preliminary hearing is not tantamount to a grant of "exclusive jurisdiction" in designated "criminal cases." In its constitutional context, the phrase "criminal cases" envisions a complete adjudication on

---

[1] S. C. Code Ann. § 22-3-540 exemplifies a legislative grant of exclusive jurisdiction to the magistrates' courts.

the question of guilt, rather than a small aspect of the criminal process, which is the role of a preliminary hearing. Moreover, § 22-5-320 authorizes a magistrate to hold a preliminary hearing only when the crime charged is "beyond his jurisdiction." Obviously, the magistrate cannot possess the "exclusive jurisdiction" required by Article V, Section 7, in a matter that is "beyond his jurisdiction." We conclude that § 22-5-320 does not grant "exclusive jurisdiction" in "criminal cases" to the magistrates' courts, and to the extent that it deprives the Court of General Sessions of its original concurrent jurisdiction, it is unconstitutional. Thus, the jurisdictional language of the statute, emphasized above, is unconstitutional.

The next question is whether the remainder of § 22-5-320 is severable from the unconstitutional provision immediately above. The essential issue in this determination is whether the intention of the Legislature can be fulfilled without the stricken language. *Reith v. S. C. State Housing Authority*, 267 S. C. 1, 225 S. E. (2d) 847 (1976). The test is stated more specifically as follows:

> Where a part of a statute is unconstitutional, if such part is so connected with the other parts as that they mutually depend upon each other as conditions and considerations for each other, so as to warrant the belief that the Legislature intended them as a whole, and if they cannot be carried into effect, the Legislature would not have passed the residue independently of that which is void, then the whole act is void. *Daniel v. Cruz*, 268 S. C. 11, 231 S. E. (2d) 293 (1977).

We do not think under the foregoing test that the unconstitutional part is separable. As a means of insuring that a preliminary hearing be held, the statute was originally designed to prevent the Court of General Sessions from acquiring jurisdiction over the matter. Vestiges of this harsh jurisdictional effect remain even when the unconstitutional language is stricken. The word "shall" contained in the first sentence envisions the same mandatory effect upon the jurisdiction of the court as the unconstitutional feature of the statute. This dependence upon the unconstitutional part to give the remaining portion effect shows a settled intention that the statute operate as a whole rather than piecemeal. We

conclude that the Legislature would not have passed the remaining portion of the statute independently of that which is void. It follows that no part of § 22-5-320 is salvageable.

The striking of § 22-5-320 renders meaningless the remainder of Article 5, Chapter 5 of Title 22 of the Code of Laws of South Carolina, which sets out procedures incident to the holding of a preliminary hearing. *Aiken County Bd. of Ed. v. Knotts*, 274 S. C. 144, 262 S. E. (2d) 14 (1980). These statutes must fall with § 22-5-320. S. C. Code Ann. §§ 22-5-310 to 360 (1976). In addition, § 17-23-160, which provides for notification of the right to request a preliminary hearing, is also meaningless in the absence of § 22-5-320 and is void as well. *Knotts.*

We conclude that the lower court had jurisdiction to try the appellant. We have carefully considered appellant's remaining allegation of error and find it to be without merit. Accordingly, the judgment of the lower court is affirmed.

We recognize that our holding in this case will deprive criminal defendants of the minimal opportunity for discovery made available by the preliminary hearing. There has long existed a need for a formal discovery procedure for criminal cases in South Carolina. We therefore adopt Rule 16 of the Federal Rules of Criminal Procedure as amended and as set forth in an order of this Court adopted simultaneously with this opinion.

Further, we draw the attention of the bench and the bar to Circuit Court Rule 104 regarding preliminary hearings, adopted this day by Order of this Court.