23728

John W. TUCKER, Jr., Plaintiff v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Defendant.

(424 S.E. (2d) 468)

Supreme Court

*Glenn W. Thomason,* Anderson, *for plaintiff.*

*Victor S. Evans, Chief Counsel,* and *Linda C. McDonald, Asst. Chief Counsel,* Columbia, *for defendant.*

*Edwin E. Evans, Chief Deputy Atty. Gen., Kenneth P. Woodington, Sr. Asst. Atty. Gen.,* Columbia, *for State.*

Heard Sept. 21, 1992.

Decided Oct. 14, 1992.

*Per Curiam:*

This case is before us in our original jurisdiction to determine the constitutionality of S.C. Code Ann. § 12-27-400 (Supp. 1991).

Section 12-27-400 governs use of the 2.66-cent-per-gallon gasoline tax earmarked as "C" construction funds and allows

75% of a county's apportionment of these funds to be expended for local paving and improvements. The challenged portion of the statute provides:

> A majority of the *legislative delegation members* ... must approve the roads upon which "C" construction funds are to be expended ... and they may contract for the improvements. ...
>
> The expenditure of funds known as "C" construction funds must have the approval of a majority of the *legislative delegation members* of the county in which the expenditures are to be made.

Plaintiff contends the statutory grant of authority for the expenditure of "C" construction funds given to the legislative delegations of the various counties violates article I, section 8, of our State constitution. We agree.

We have long held that legislative delegates may exercise legislative power only as members of the General Assembly enacting legislation. By constitutional mandate, the legislature may not undertake both to pass laws and to execute them by bestowing upon its own members functions that belong to other branches of government. *Aiken County Bd. of Ed. v. Knotts,* 274 S.C. 144, 262 S.E. (2d) 14 (1980); *Gunter v. Blanton,* 259 S.C. 436, 192 S.E. (2d) 473 (1972). Action by a legislative delegation pursuant to a complete law cannot qualify as action to enact legislation and is therefore constitutionally invalid. *Bramlette v. Stringer,* 186 S.C. 134, 195 S.E. 257 (1938); *see also Dean v. Timmerman,* 234 S.C. 35, 106 S.E. (2d) 665 (1959).

Accordingly, we declare unconstitutional the provisions of § 12-27-400 requiring approval of a county's legislative delegation for the expenditure of "C" construction funds and allowing the delegation to contract for improvements. We find the remaining provisions of the statute are separate and distinct and therefore severable and enforceable. *See Aiken County Bd. of Ed. v. Knotts, supra.*