442 S.E.2d 171 (1994)
John W. TUCKER, Jr., Petitioner,
v.
SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANPORTATION, Respondent.
No. 24022.
Supreme Court of South Carolina.
Heard February 1, 1994.
Decided March 7, 1994.
*172 Glenn W. Thomason and Nancy Jo Thomason, both of Thomason Law Firm, Anderson, for petitioner.
Atty. Gen., T. Travis Medlock, Chief Counsel Victor S. Evans and Asst. Chief Counsel Linda C. McDonald, Columbia, for respondent.
John J. Johnson, Paula G. Benson, W. Hogan Brown and Michael N. Couick, Columbia, for amicus curiae South Carolina Senate.
MOORE, Justice:
This case is before us in our original jurisdiction to determine whether S.C.Code Ann. § 12-27-400, as amended effective July 1, 1993, violates article I, § 8, of the South Carolina Constitution. We hold it does not.
Section 12-27-400 governs the use of "C" funds which are generated by a tax on all gasoline sold in this State. In 1992, plaintiff successfully challenged the former version of this statute as a violation of article I, § 8, which safeguards the separation of powers. We held unconstitutional the provisions of § 12-27-400 that required the approval of a county's legislative delegation for the expenditure of "C" funds and allowed the delegation to contract for improvements. Tucker v. South Carolina Dept. of Highways and Pub. Transportation, ___ S.C. ___, 424 S.E.2d 468 (1992). The General Assembly subsequently amended the statute.
Plaintiff contends the amended version of § 12-27-400 violates the same constitutional mandate that felled the prior version of the statute. He contends subsection (C) of the statute violates article I, § 8, by requiring the legislative delegation to appoint a county's transportation committee which oversees the expenditure of "C" funds, and by allowing the legislative delegation to make project recommendations to the county transportation committee.
We first address the power of appointment. As we held in Tucker I: "By constitutional mandate, the legislature may not undertake both to pass laws and to execute them by bestowing upon its own members functions that belong to other branches of government." ___ S.C. at ___, 424 S.E.2d at 469. It is well-settled that the power of appointment does not belong to any particular one of the three branches of government. Unless otherwise restrained by the constitution, the General Assembly may provide for this power to be exercised by any of the three branches. Where the power of appointment is made a legislative function, as it is here, the exercise of this power may be conferred upon and performed by a county's legislative delegation without violating article I, § 8. Crow v. McAlpine, 277 S.C. 240, 285 S.E.2d 355 (1981); Gould v. Barton, 256 S.C. 175, 181 S.E.2d 662 (1971); State ex rel. Coleman v. Lewis, 181 S.C. 10, 186 S.E. 625 (1936); State v. Bowden, 92 S.C. 393, 75 S.E. 866 (1912).
*173 Further, we find no constitutional violation in the language of subsection (C) allowing the legislative delegation to make project recommendations to the transportation committee. Under subsection (F) of the statute, the State Highway Department[1] retains the ultimate power to approve all transportation plans submitted by any transportation committee. The fact that a legislative delegation may recommend a project to a county transportation committee infringes no executive power. These recommendations are not binding on the transportation committee and the executive branch retains ultimate discretion over the expenditure of "C" funds. The delegation's function in this instance is advisory and suffers none of the infirmities found in Tucker I.
Accordingly, we hold § 12-27-400 as amended to be constitutional.
CHANDLER, Acting C.J., FINNEY, J., and WALTER J. BRISTOW, Jr. and THOMAS W. COOPER, Jr., Acting Associate Justices, concur.
NOTES
[1] Now known as the Department of Transportation. S.C.Code Ann. § 57-1-20 (Supp.1993).