THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Michael D. Simmons, Appellant.
 
 
 

Appeal From Greenville County
 C. Victor Pyle, Jr., Circuit Court Judge
Unpublished Opinion No. 2006-UP-132
Submitted March 1, 2006  Filed March 8, 2006    

AFFIRMED

 
 
 
 Mr. Michael D. Simmons, of Pelzer, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Michael Simmons appeals convictions for burglary in the first degree and three counts of attempted armed robbery.  Specifically, he argues the Greenville County Sheriffs Department lacked probable cause to arrest him, and that he should have been provided a preliminary hearing prior to trial.  We affirm. 
 
FACTS
In the early morning hours of April 30, 2003, Simmons and two other masked men broke into Tarra Hendersons home with the intent to steal drugs and money they believed to be in the house.  All three men were armed with handguns. [r.31] Tarra Henderson, and her boyfriend, Torrey Brown, were in a room in the front of the residence with their one month-old child, and Donnell Hagood, a mutual friend was asleep in a back bedroom.
 
When Simmons and his co-defendants entered the home, one man ordered Brown to the ground and held him at gunpoint while the other man and Simmons searched the house for drugs and money.  Simmons opened the oven, turned it on, and threatened to put Hendersons baby in the oven if she did not cooperate. 
 
At this point, Henderson yelled for Hagoods assistance.  When the masked men became aware of Hagoods presence, Simmons and the third man went into his room, frisked him, and forced him into the front room at gunpoint.
 
When the first man saw Hagood, he recognized him as his cousin, took off his mask, and stopped holding Brown at gunpoint.  When Simmons and the other man saw this, they fled the residence.  Henderson called the police who ultimately arrested the intruder. 
 
Later, Jeremey Nash turned himself in to police and confessed to being one of the intruders who broke into Tarra Hendersons home.  During Simmons trial, Nash testified and served as the key witness placing Simmons at the scene as one of the intruders. 
 
LAW/ANALYSIS
Simmons raises two issues in his pro se brief, both of which relate to probable cause.  One concern is whether the Greenville County Sheriffs Department had probable cause to arrest him, and the other asserts that he should have been granted a preliminary hearing.  
 
First, there is no question that probable cause existed when the grand jury indicted Simmons.  A true billed indictment is prima facie evidence of probable cause.  Whitner v. Duke Power Company, 277 S.C. 397, 399, 288 S.E.2d 389, 390 (1982). Furthermore, probable cause for an arrest exists when the circumstances within the arresting officers knowledge are sufficient to lead a reasonable person to believe that a crime has been committed by the person being arrested.  State v. George, 323 S.C. 496, 509, 476 S.E.2d 903, 911 (1996).  Whether probable cause exists depends upon the totality of the circumstances surrounding the information at the officers disposal.  Id.  After a review of the record, we find the Greenville County Sheriffs Department possessed probable cause to arrest Simmons.
Second, a defendant does not have a constitutional right to a preliminary hearing in South Carolina.  State v. Keenan, 278 S.C. 361, 296 S.E.2d 676 (1982).  Simmons indictments constituted a finding of probable cause and thus eliminated the need for a preliminary hearing.  State v. McClure, 277 S.C. 432, 289 S.E.2d 158 (1982).  Significantly, Simmons attorney declined to request a hearing because he felt it was clear the state had probable cause.  We find no error on appeal.
Based on this failure to request a preliminary hearing, Simmons sought his attorneys dismissal.  The trial judge properly denied this request and continued with the trial.  Simmons also argued throughout his brief that his trial counsel was ineffective for refusing to request a preliminary hearing.  However, post-conviction relief, rather than direct appeal, is the proper avenue for allegations of ineffective assistance of counsel.  State v. Felder, 290 S.C. 521, 351 S.E.2d 852 (1986).  
 
Accordingly, the trial courts decision is 
AFFIRMED.[1]  
BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.