**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

State of South Carolina, Petitioner,

v.

Kadelle Childers, Respondent.

Appellate Case No. 2018-000617

---

**IN THE ORIGINAL JURISDICTION**

---

Memorandum Opinion No. 2019-MO-001
Heard December 12, 2018 – Filed January 4, 2019

---

**VACATED**

---

Attorney General Alan Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General J. Benjamin Aplin, Solicitor General Robert D. Cook, and Deputy Solicitor General J. Emory Smith, Jr., all of Columbia, for Petitioner.

Public Defender Ashley Pennington and Assistant Public Defender Benjamin A. Mack, both of Charleston, for Respondent.

---

**PER CURIAM:** We accepted this matter in our original jurisdiction to determine whether extraordinary relief was necessary to prevent conducting post-indictment

preliminary hearings in the Ninth Judicial Circuit. We vacate the circuit court's order and enjoin the Charleston County magistrates from holding post-indictment preliminary hearings in other matters pursuant to Rule 220(b)(1), SCACR, and the following authorities:

Rule 2(b), SCRCrimP ("If the defendant requests a preliminary hearing, the hearing shall be held within ten days following the request. *The hearing shall not be held, however, if the defendant is indicted by a grand jury* or waives indictment before the preliminary hearing is held.") (emphasis added); June 12, 2017, Ninth Judicial Circuit Amended Administrative Order, Section (E)(3) ("In accordance with South Carolina law, no Preliminary Hearings will be held on indicted cases."); *State v. Keenan*, 278 S.C. 361, 366–67, 296 S.E.2d 676, 678–79 (1982) (holding Section 22-5-320 of the South Carolina Code, which provided a defendant the right to a preliminary hearing if demanded before an indictment, unconstitutional); *State v. Ballington*, 346 S.C. 262, 269, 551 S.E.2d 280, 283 (Ct. App. 2001) (recognizing a circuit court cannot "restore the right to a preliminary hearing by ordering a post-indictment preliminary hearing"), *overruled on other grounds by State v. Belcher*, 385 S.C. 597, 685 S.E.2d 802 (2009).

**VACATED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**